1

2

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
10

11
CLINTON HECK,

12
          Plaintiff,

13
    v.
Case No. C06-5030RJB

14
MARC STERN, *et al.*,
ORDER STRIKING PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION, GRANTING LEAVE
TO AMEND AND DENYING
REQUEST FOR COUNSEL
15
          Defendants.

16

17

18
      This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant

19
to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4.  The plaintiff has been granted leave to

20
proceed *in forma pauperis*.  (Dkt. # 7).  Before the court is plaintiff's motion for preliminary

21
injunction.  (Dkt. # 10).

22
      Plaintiff advises the court that he is now in agreement with defendants that there is presently

23
no need for an injunction, as his prescribed medication has been approved for four months.  Plaintiff

24
seeks leave to amend his original complaint to "cure all deficiencies," and also asks that the court

25
appoint counsel on his behalf.   The court will first address plaintiff's request for counsel.

26

27

28
ORDER- 1

1        1.      Request for Counsel

2        There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

3    Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding

4    *in forma pauperis*, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon,

5    789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984);

6    Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires

7    an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

8    articulate his claims *pro se* in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d

9    at 1331.

10       Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.   Plaintiff has

11   presented no evidence of exceptional circumstances warranting the appointment of counsel.  Plaintiff

12   must be able to show how the legal issues involved are complex and also must make a showing that

13   it is likely he will succeed on the merits.  He has not done so.  Accordingly, plaintiff's motion to

14   appoint counsel (Dkt. # 15) is **DENIED**.

15       2.      Amended Complaint

16       Plaintiff asks that he be allowed to amend his complaint to "cure all deficiencies."  That

17   motion (Dkt. # 15) is **GRANTED**, and plaintiff shall have until **May 30, 2006** to file an amended

18   complaint.  Plaintiff is advised that the court will review the amended filing to determine whether it

19   properly states a claim before this case is allowed to proceed.

20       3.      Preliminary Injunction

21       Plaintiff's motion for preliminary injunction (Dkt. # 10) is **STRICKEN** from the court's

22   docket.

23

24       DATED this 10th  day of May, 2006.

25

26                                                Karen L. Strombom
                                                  United States Magistrate Judge
27

28   ORDER- 2