UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLINTON HECK,

    Plaintiff,

    v.

MARC STERN, *et al.*,

    Defendants.

Case No. 06-5030 RJB/KLS

ORDER DENYING REQUEST FOR COUNSEL

    This Civil Rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4. The plaintiff has been granted leave to proceed *in forma pauperis.* (Dkt. # 7). Before the court is plaintiff's second motion for appointment of counsel. (Dkt. # 32). The court finds that the motion should be **DENIED**.

    There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

ORDER - 1

articulate his claims *pro se* in light of the complexity of the legal issues involved. <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*, to navigate the legal system and has begun the discovery process. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant and the court finds that counsel is not necessary in this case. Moreover, plaintiff has not demonstrated a likelihood of success on the merits of his claims or exceptional circumstances warranting appointment of counsel. Accordingly, plaintiff's motion to appoint counsel (Dkt. # 32) is **DENIED**.

DATED this 21st day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2