1
2
3
4
5
6
7
8
9      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
10                  AT TACOMA

11   CLINTON HECK,

12          Plaintiff,                          Case No. C06-5030 RJB/KLS

13      v.                                      REPORT AND RECOMMENDATION

14   MARK STERN, *et al.*,                       **NOTED FOR: August 11, 2006**

15          Defendants.

16

17          This 42 U.S.C. § 1983 Civil Rights action has been referred to Magistrate Judge Karen L.

18   Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4.  Presently before the court

19   are the plaintiff's motions for summary judgment against all named defendants (Dkt. # 35) and for

20   default judgment (Dkt. # 38).  For the reasons stated below, the court recommends that the motions be

21   denied.

22                          **I.  STATEMENT OF FACTS**

23          Plaintiff is a Washington State inmate currently incarcerated at the Stafford Creek

24   Correctional Center (SCCC). Plaintiff has been granted leave to proceed *in forma pauperis* (Dkt. #

25   7).  Defendant Marc Stern was served individually and as Medical Board Administrator on April

26

27   27, 2006. (Dkt. # 18 & 19).   Plaintiff was granted leave to amend his complaint.  (Dkt. # 20).  The

28   REPORT AND RECOMMENDATION - 1

Order granting plaintiff leave to amend stated that the court would review plaintiff's filing to determine if it properly stated a claim before allowing this case to proceed.  Plaintiff alleges that defendants violated his civil rights when medications were discontinued from the DOC formulary. Prior to the court's approval, plaintiff attempted to serve defendants by mail by using DOC's internal mail system.  (Dkt. # 26-29).  Defendant Marc Stern was served through counsel on May 23, 2006 and filed an answer on June 21, 2006.  (Dkt. #39).   Since filing his amended Complaint, plaintiff has filed a second preliminary injunction motion, a summary judgment motion, a second motion for appointment of counsel and a motion for default.

# II.  DISCUSSION

**A.**     **Motion for Summary Judgment (Dkt. # 35)**

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

Fed. R. Civ. P. 56(f) provides:

> **(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

REPORT AND RECOMMENDATION - 2

The purpose of Fed. R. Civ. P. 56(f) is to prevent a party from being "railroaded" by a premature motion for summary judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986).

> Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

<u>Id.</u>

The Ninth Circuit has held that the denial of a Rule 56(f) application is disfavored if the party opposing summary judgment makes a timely application, specifically identifies relevant information, and there is some basis for believing that the information actually exists. <u>Visa International Service Assoc. v. Bankcard Holders of America</u>, 784 F.2d 1472, 1475 (9th Cir. 1986).   Defendant Stern has timely applied for denial of plaintiff's motion and has submitted a declaration specifically identifying the relevant information he seeks.  (Dkt. # 33, Exh. 1).  It is anticipated that much of the information would come from a deposition of the plaintiff.  <u>Id.</u>

In this case, plaintiff filed his motion for summary judgment before defendants' answers were due.  While plaintiff has submitted discovery requests to Defendant Stern, the answers are not yet due and Defendant Stern (and the remaining defendants who have not been served) has not had an opportunity to engage in discovery or present facts essential to justify an opposition to plaintiff's motion.  The parties should be given sufficient time to investigate and discover the facts and circumstances surrounding plaintiff's allegations of changes to his current medication, medical history, allegations of benefits to the American with Disabilities Act (ADA), and his claim for damages.[1]

---

[1]Plaintiff also incorrectly noted the Motion for June 23rd, 2006, three Fridays after filing, in violation of CR 7(d)(3), which requires that all dispositive motions be noted for consideration no earlier than the fourth Friday after filing and service of the motion.

REPORT AND RECOMMENDATION - 3

In addition, plaintiff's motion for summary judgment must be denied because it is unsupported by any evidence and it does not show that there is no genuine issue as to any material fact.  Rule 56 ( c) provides that:

> The judgment should shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine issue
> as to any material fact and that the moving party is entitled to
> judgment as a matter of law.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court.  Zweig v. Hearst Corp., 521 F.2d 1129 (ith Cir. 1975), cert. denied, 423 U.S. 1025 (1975).  The moving party bears the burden of informing the court of the basis for the motion and providing evidence demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The moving party is not entitled to summary judgment unless the documentary evidence produced permits only one conclusion.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251 (1986).  The evidence produced must be viewed in the light most favorable for the moving party.  Semegen v. Weidner, 780 F.2d 727 (9th Cir. 1985).

Plaintiff has produced no evidence.  Plaintiff has produced no depositions, answers, interrogatories, admissions, affidavits, or discovery of any kind.  Plaintiff relies only on conclusory allegations.  This is not sufficient.

Plaintiff's motion for summary judgment should be denied because it is premature and denies the parties the opportunity to conduct meaningful discovery and because it is based on conclusory allegations only.

REPORT AND RECOMMENDATION - 4

**B.     Motion for Default Judgment (Dkt. # 38)**

Default judgments are generally disfavored, as cases should be decided upon their merits whenever reasonably possible.  Pena v. Seuros La Comerical, S.A., 770 F.2d 811, 814 (9th Cir. 1985).  When considering a default judgment, the Court may consider several factors, including, but not limited to, the possibility of prejudice to the plaintiff, the merits of plaintiff's substantive claim, and whether the default was due to excusable neglect.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this case there is no possibility of prejudice to the plaintiff as there has been no neglect on the part of any defendant.  As to the defendants other than Defendant Stern, none of them have been properly served so they cannot be in default.  Plaintiff argues that because Marc Stern is part of DOC, all of the defendants should be considered served because a waiver of service was submitted by Defendant Stern.  There is no authority for this proposition.

Plaintiff cites to "New Rule H.R. 1754 4 ( c) (2) ( c) (ii)".  However, Rule 5(a) of the Federal Rules of Civil Procedure provides that pleadings asserting new or additional claims for relief shall be served in the manner provided for service of summons in Rule 4.   In addition, while the court granted plaintiff leave to amend, it also reserved the right to review whether the amended complaint stated a valid claim.   Because the court had not yet done so at the time plaintiff attempted to serve them, the parties were not given the benefit of signing and returning waivers, which would have provided them with Rule 4's sixty day answer period.  The court has now determined that plaintiff may proceed with his Amended Complaint and has directed plaintiff to submit properly completed service documents so that the court may then direct service upon these defendants by the U.S. Marshal.

REPORT AND RECOMMENDATION - 5

Plaintiff's motion for default against Defendant Marc Stern is also inappropriate because Defendant Stern's answer was timely filed.  As stated above, when a waiver of service is signed and sent back to the court, a defendant that has been properly served has up to sixty days to provide an answer.  Fed. R. Civ. P. 4 (d) (3).   Defendant Stern was served on April 27, 2006.  (Dkt. # 18, 19).  Accordingly, Defendant Stern's answer was not due until June 20, 2006, and it was filed that day.  Because the answer has been filed, plaintiff's motion for default is moot and must be denied.

### III.  CONCLUSION

For the reasons stated above the court should **DENY** plaintiff's motions for summary judgment (Dkt. # 35) and for default judgment (Dkt. # 38).  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 11, 2006,** as noted in the caption.

DATED this 18th  day of July, 2006.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6