UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLINTON HECK,

    Plaintiff,

v.

MARK STERN, *et al.*,

    Defendants.

Case No. C06-5030 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:   AUGUST 18, 2006**

    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the court is plaintiff's second motion for a temporary injunction.  (Dkt. # 21).

### I. STATEMENT OF FACTS

**A.**    **Procedural Background**

    On January 17, 2006, Plaintiff filed a *pro se* civil rights lawsuit under 42 U.S.C. §1983, alleging that the Defendants are violating his Eighth Amendment rights by refusing to provide certain stimulating medications to treat his Attention Deficit Disorder (ADD)/Attention Deficit Hyper-activity Disorder (ADHD) with Antisocial Personality [sic]. (Dkt. #8). Plaintiff was granted *in forma pauperis* status on March 7, 2006.  (Dkt. # 7).

REPORT AND RECOMMENDATION - 1

An order directing service by the U.S. Marshal Service was signed on March 17, 2006, which was mailed on March 21, 2006. (Dkt. # 9). On March 17, 2006, Plaintiff filed a motion for preliminary injunction seeking to stop the Department of Corrections (DOC) from implementing a change in policy discontinuing the use of stimulating medications to treat plaintiff's disorders. (Dkt. # 10). Plaintiff alleged that he will suffer irreparable harm if he does not receive these medications, although he did not state what medication will be withheld. (Id.) Defendant Stern opposed plaintiff's request for preliminary injunctive relief. (Dkt. # 14). That motion was denied because the plaintiff was receiving his medications under an exception to the new formulary. (Dkt. # 20). That exception was only granted for four months, and upon expiration, plaintiff attempted to file a supplemental response to his first preliminary injunction motion. (Dkt. # 21). The court found that plaintiff had actually submitted a second preliminary injunction motion and filed it as such. (Dkt. # 23). Plaintiff also submitted a motion to amend his civil rights complaint. (Dkt. # 21). The court granted that motion, subject to the court's approval of the amended complaint. Approval was recently granted (Dkt. # 51) and the court awaits the plaintiff's submission of properly completed service documents for service by the U.S. Marshal. Plaintiff has added new claims under the American with Disabilities Act and has added new defendants, who have not yet been served. (Dkt. # 24). To date, plaintiff has served only Defendant Stern in his individual and professional capacity. Plaintiff submitted declarations of mailing, apparently believing that serving the additional defendants through Defendant Stern's counsel, at counsel's P.O. Box address would be sufficient. This does not, however, operate as a waiver of service and plaintiff has since been advised by the court to submit properly completed service forms for the additional defendants so that the court may direct service by the U.S. Marshal.

REPORT AND RECOMMENDATION - 2

**B.      Change to DOC Formulary**

DOC recently changed its formulary, removing certain stimulant medications from the list of medications that could be prescribed to offenders. (Dkt. # 37, Exh. 1). Those medications were removed after considering the best clinical outcomes in the medical literature, medical necessity and safety and security reasons. (Id. at ¶ 4). The Pharmacy and Therapeutics (P&T) Committee reviewed the medications in the formulary specifically considering whether the medication is safe and clinically appropriate for the medical condition, and are also appropriate and safe for use in the correctional setting. (Id.). The medications used to treat ADHD, which include Adderall and Ritalin, were removed in order to minimize the risk of improper use and or abuse that could jeopardize patient and staff safety. (Id.). DOC has allowed for mental health providers to request an exception to the change in formulary, allowing the provider to prescribe those medications. (Id.) In order to be granted an exception, the mental health provider needs to be able to show that the offender is suffering from a severe mental illness or a head trauma that cannot be treated in any other way because the offender has a medical necessity. (Id. at ¶ 5). Once the health care provider has made the request, the P&T Committee reviews the request, the offender's records, medication history and current medication regime to determine if the offender meets the criteria. (Id. at ¶ 7). If the offender meets the criteria, and the P&T Committee finds that the offender does have a serious medical necessity, the exception to the formulary will be granted.

**C.  Plaintiff's Treatment**

In his first preliminary injunction motion, Mr. Heck claimed he was being treated for ADD and ADHD with Anti-Social Personality [sic]. (Dkt. #10 at 17). Plaintiff further stated that he has had this diagnosis since he was nine years old and has been receiving medications to treat those disorders since then. (Dkt. #11 at 13). Plaintiff was apparently seeking to have Adderall re-

REPORT AND RECOMMENDATION - 3

administered after it was discontinued when the formulary was changed. (Dkt. #14, Exh. 1). Plaintiff qualified for a non-formulary exception to the formulary change and was taking Adderall once again. (Id.). Plaintiff's second preliminary injunction motion was filed because his temporary exception to the formulary expired and he was not granted another exception. (Dkt. # 21).

According to the plaintiff, his treatment provider requested a second exception and was denied on May 11, 2006. He was informed that his Adderall would be discontinued on June 6, 2006. (Id.) He does not state what his treatment plan would be once the Adderall is discontinued. Plaintiff's mental health care provider, Dr. Michael Furst, submitted a request to use non-formulary medications on June 2, 2006, four days before Plaintiff was to be taken off of Adderall. (Dkt. 37, Exh. 1). That request was submitted to DOC's P&T Committee. (Id.). After consideration, the P&T Committee rejected plaintiff's request because he did not meet the threshold requirement of suffering from a severe mental illness or a head trauma and his condition was not a medical necessity. (Id. at ¶ 7). The Committee reached this conclusion after reviewing the plaintiff's records, his medications history and his current medication regime. (Id.). Currently, the Plaintiff is taking Citalopram, which is an anti-depressant, and Clonazepam and Temazepam, which are anti-anxiety medications. (Id. at ¶ 8). Plaintiff has been on this course of medications for a short period of time and there is no reason to think that he will not benefit from this course of treatment. (Id. at ¶ 8). It was also suggested that he be prescribed Divalproex to stabilize his mood and to treat possible bipolar with mixed state episodes symptoms he may experience. (Id. at ¶ 7).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

The court shall not grant or approve any prospective relief unless the court finds that

REPORT AND RECOMMENDATION - 4

such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. Rizzo v. Goode, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Chalk v. United States Dist. Ct., 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. Canal Authority of the State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." Johnson v. California State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." Funds for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. Cassim, 824 F.2d at 795. Under the alternative standard, the moving

REPORT AND RECOMMENDATION - 5

party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Id. at 795. Under either test, plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

### III. ARGUMENT

**A.    Plaintiff Has Not Shown That He Will Suffer Irreparable Injury**

Plaintiff fails to show that he is at risk of actual or substantial injury without the intervention of the court. Plaintiff merely states that his health is at "high risk," and that there is a "potential risk" that his medication will be discontinued. However, plaintiff is not able to show that a new course of medication will cause irreparable harm or will not adequately address his needs. After the P&T Committee reviewed his current course of medications, it was felt that his current treatment would benefit him.

Because there is no evidence that Plaintiff's current medical condition and treatment regimen do not place him at risk of actual or substantial injury, his second motion for preliminary injunction should be denied.

**B.    Plaintiff Has Not Shown That He Is Likely To Succeed On the Merits Of His Case**

A claim of an Eighth Amendment violation as a result of a medical condition requires an inmate to show a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103 (1976). A serious medical need exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction or the unnecessary and wanton infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff makes conclusory statements that he will suffer irreparable harm. However, there is no evidence that he is currently suffering any pain or injury as a result in the change in his

REPORT AND RECOMMENDATION - 6

medication and in fact, the evidence is to the contrary – that it is likely he will benefit from the change in his medication. The P&T Committee considered plaintiff's current treatment and do not feel that there is any reason why his current course of medications will not be beneficial. (Dkt. # 37, Exh. 1).

Because plaintiff is not suffering any pain or receiving a significant injury, it is very unlikely that he will succeed on the merits of his case.

**C.     Plaintiff Has Not Shown That the Balance Of Potential Harm Favors The Moving Party Or That the Public Interest Favors Granting Relief**

The evidence before the court reflects that the change to the formulary was necessary to remove certain stimulating medications because of the potential of inmates abusing their medications could pose a threat to patient and staff safety. Exceptions to the formulary may be granted in exceptional circumstances and a review process is available. Plaintiff has failed to show how being granted a preliminary injunction would be in the public interest or how the balance of potential harm favors him. There is no evidence that defendants have violated the law or abused their own review process. Plaintiff has not shown that his interest in receiving his chosen medication outweighs the prison's interest in maintaining safety and security in its prisons, or that he is not benefitting from his current course of treatment. Accordingly, his second request for preliminary injunction should be denied.

## IV.  CONCLUSION

The court recommends that plaintiff's motion for preliminary injunction (Dkt. # 21) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

REPORT AND RECOMMENDATION - 7

1  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

2  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

3  72(b), the clerk is directed to set the matter for consideration on **August 18, 2006**, as noted in the

4  caption.

        DATED this  19th  July,  2006.


                                                /s/ Karen L. Strombom
                                                Karen L. Strombom
                                                United States Magistrate Judge

REPORT AND RECOMMENDATION - 8