UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLINTON HECK,

    Plaintiff,

    v.

MARK STERN, *et al.*,

    Defendants.

Case No. 06-5030 RJB/KLS

ORDER GRANTING DEFENDANT STERN'S MOTION TO STAY DISCOVERY

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The plaintiff has been granted leave to proceed *in forma pauperis.* (Dkt. # 7). Before the court is Defendant Stern's motion to stay discovery pending the court's resolution of defendant's motion to dismiss. (Dkt. # 45). For the reasons stated below, the court finds that the motion should be granted.

## PROCEDURAL BACKGROUND

    On March 7, 2006, plaintiff filed a complaint naming Defendant Stern and others as defendants. (Dkt. # 7). On May 23, 2006, plaintiff filed an Amended Complaint, naming additional new defendants and adding claims under the Americans with Disabilities Act. (Dkt. # 24). Other than Defendant Stern, no defendants have been served. By Order dated July 18, 2006, plaintiff was advised to provide service forms and copies by August 18, 2006 for service of the Amended Complaint upon the additional defendants. (Dkt. # 51). The Pretrial Scheduling Order entered in this matter fixes the discovery deadline as December 21, 2006. (Dkt. # 43). Since filing his Amended Complaint, plaintiff filed a second preliminary injunction (Dkt. # 23), a motion for

ORDER - 1

1  summary judgment (Dkt. # 35) and a motion for default (Dkt. # 38). These motions are the subject
2  of pending Reports and Recommendations. (Dkt. # 50, 52) .

3  Defendant Stern advises that plaintiff has submitted multiple discovery requests and moves
4  the court for an order staying his responses until resolution of his motion to dismiss.

**DISCUSSION**

6  The court has broad discretionary powers to control discovery. <u>Little v. City of Seattle</u>, 863
7  F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery.
8  Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive
9  motion is pending. <u>DiMartini v. Ferrin</u>, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th
10 Cir. 1990) <u>Rae v. Union Bank</u>, 725 F.2d 478 (9th Cir. 1984). When government officials raise the
11 issue of qualified immunity discovery should not proceed until this threshold issues is resolved by the
12 court. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); <u>Anderson v.</u>
13 <u>Creighton</u>, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), <u>DiMartini v. Ferrin</u>, <u>supra</u>, 889
14 F.2d at 926.

15 Plaintiff has filed no objection to defendant's motion to stay discovery. (*See* Dkt. # 47, 48).
16 The court may consider plaintiff's failure as an admission that defendant's motion has merit. CR
17 7(b)(2). In addition, the above cited authorities, and the early stages of this litigation all mitigate in
18 favor of a stay pending resolution of the threshold issue of whether plaintiff has exhausted his
19 administrative remedies.

20 Accordingly, all discovery in this matter shall be **STAYED** pending further order of this
21 Court.

22 DATED this <u>2nd</u> day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

26 ORDER - 2