UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLINTON HECK,

    Plaintiff,

v.

MARK STERN, *et al.*,

    Defendants.

Case No. C06-5030 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: September 1, 2006**

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Presently before the court is the motion to dismiss of Defendant Marc Stern. (Dkt. # 45). Defendant claims that plaintiff has failed to exhaust his administrative remedies. For the reasons stated below, the court recommends that the motion to dismiss be granted and plaintiff's amended complaint be dismissed without prejudice.

## I. PROCEDURAL & FACTUAL BACKGROUND

### A.    Procedural History

Plaintiff is a Washington State inmate currently incarcerated at the Stafford Creek Correctional Center (SCCC). (Dkt. # 1). Plaintiff was granted leave to proceed *in forma pauperis*. (Dkt. # 7). On March 7, 2006, plaintiff filed a complaint naming Defendant Stern and

REPORT AND RECOMMENDATION - 1

others as defendants. (Dkt. # 7). Plaintiff alleges that his Eighth Amendment rights were violated because the Department of Corrections (DOC) removed the medications he was taking for his Attention Deficit Disorder (ADD). On May 23, 2006, plaintiff filed an Amended Complaint, naming additional new defendants and adding claims under the Americans with Disabilities Act. (Dkt. # 24). Other than Defendant Stern, no defendants have been served. By Order dated July 18, 2006, plaintiff was advised to provide service forms and copies by August 18, 2006 for service of the Amended Complaint upon the additional defendants. (Dkt. # 51). Since filing his Amended Complaint, plaintiff filed a second preliminary injunction (Dkt. # 23), a motion for summary judgment (Dkt. # 35) and a motion for default (Dkt. # 38). These motions are the subject of pending Reports and Recommendations. (Dkt. # 50, 52) . By separate Order (Dkt. # 53), the court has stayed discovery until resolution of this threshold issue of whether plaintiff has exhausted his administrative remedies.

**B.** **Grievance Process.**

The Washington Offender Grievance Program has been in existence since the early 1980s. (Dkt. # 45, Exh. 1 (Declaration of Dennis Dahne, Grievance Coordinator at SCCC), ¶ 2). It was implemented shortly thereafter statewide. (Id.). Each DOC offender is aware of the grievance program. (Id. at ¶ 8). Inmates may challenge a variety of things within the prison system, including DOC policies, rules and procedures. (Id. at ¶ 4). DOC's grievance program has a multi-tiered approach to address offender grievances. (Id. at ¶ 6). The first level is the initial grievance, considered Level I. (Id.). Grievances are filed at this level when an offender is challenging a policy or procedure. (Id.). After receiving the response from the institution's grievance coordinator, the offender can submit an appeal of that decision in a Level II grievance. (Id.). These grievances are

REPORT AND RECOMMENDATION - 2

investigated further and the Superintendent at each facility responds. (Id.). Finally, if an offender does not agree with the Superintendent's response, he or she may file a Level III grievance that is submitted to the headquarters Grievance Coordinator in Tumwater, Washington. (Id.) Level III grievances are the final step. (Id.).

Plaintiff alleges medical staff and the DOC Medical Director violated his civil rights by discontinuing the use of certain medications to treat his ADD. Specifically, plaintiff was told he would no longer be prescribed Adderall. (Dkt. # 24, p. 1-2). In his First Complaint, plaintiff admits that "[t]he grievance process is not complete but [the] situation calls for court action immediately due to the medical aspects surrounding this case." (Id. at p. 2). Plaintiff attached one initial grievance he filed regarding the discontinuance of his medication on January 8, 2006. (Dkt. # 24, Attach. 2). The response provided to this grievance was that paperwork was being prepared. (Id.). Plaintiff provides no further documentation regarding grievances he may have filed regarding his medications, other than kites. Kites are not part of the formal grievance process. (*See* Dkt. # 45, Exh. 1).

Plaintiff did not file a next level grievance for his initial grievance and the time has passed for him to do so. (Id.). According to DOC officials at SCCC, Plaintiff filed another grievance on June 13, 2006, but this was again only an initial grievance. (Id., at Attach. B). A response to that grievance has not yet been provided and a second level appeal has not been submitted. (Id.).

Plaintiff does not deny that he has not completed the grievance process, but claims that Dennis Dahne committed perjury when he declared that plaintiff did not appeal the January 8, 2006 grievance. (Dkt. #47). Plaintiff claims that Mr. Dahne did not properly file his grievance because the form returned to him does not contain a log number. (Id.). The record is clear, however, that the grievance was filed, plaintiff did not appeal the grievance, and plaintiff has not completed the

REPORT AND RECOMMENDATION - 3

grievance process at this time.

## II.  DISCUSSION

A motion to dismiss for failure to exhaust administrative remedies is properly brought as an unenumerated 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted).  On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969), reh'g denied, 396 U.S. 869 (1969); Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).  While the court can liberally construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (quoting Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

When considering whether to dismiss a complaint for lack of exhaustion of administrative remedies, a court may look outside the pleadings to determine whether the issue has been exhausted.  Id. at 1119-20.  When dismissal is based on failure to exhaust administrative remedies, the dismissal should be without prejudice.  Wyatt, 315 F.3d at 1120.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court.  The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or

REPORT AND RECOMMENDATION - 4

occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002).  Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524.   Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

The Supreme Court recently reaffirmed this in Woodford v. Ngo. 548 U.S. ___, No. 05-416 at 1 (2006). In that case, the Court not only upheld the requirement that the inmates fully exhaust available administrative remedies, but it also held that those attempts needed to be done in a timely manner. Id. at 11.

On January 8, 2006, Plaintiff filed a grievance when a change was made to the DOC formulary which stopped plaintiff's treatment with Adderall. (Dkt. # 24, Attach. 2).  Plaintiff did not appeal that grievance. (Dkt. # 45, Exh. 1).  Plaintiff has not filed any appeals or Level II grievances for that grievance. (Id.). On June 13, 2006, Plaintiff again filed a grievance because he was not granted an exception to the DOC formulary. (Id., Attach. B).  Plaintiff received a response that a non-formulary request was made and denied. (Id.).  Plaintiff has not appealed that determination to Level II. (Id.).

Accordingly, the record reflects that plaintiff filed his lawsuit prematurely and has not yet fully exhausted his administrative remedies. Because plaintiff failed to exhaust his available administrative remedies, his entire case should be dismissed.

### III.  CONCLUSION

For the reasons stated above the court should **GRANT** Defendant Stern's motion to dismiss (Dkt. # 45) and plaintiff's Amended Complaint (Dkt. # 24) should be **DISMISSED WITHOUT**

REPORT AND RECOMMENDATION - 5

**PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 1, 2006**, as noted in the caption.

DATED this   2nd   day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6